IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BENJAMIN DWAYNE SCOTT                                                    PLAINTIFF

     v.                      Civil No. 06-6007
                          Civil No. 06-6031

LARRY SANDERS, Sheriff,
Garland County, Arkansas;
SGT. R. RADLEY; OFFICER
B. STRICKLAND; CHIEF HOLT;
CAPTAIN M. STEED;
NURSE TOMMY HARMON;
OFFICER J. DUNN; and
OFFICER DODGE                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Benjamin Dwayne Scott, currently an inmate in the Garland County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. The undersigned is in the process of determining whether defendants should be served.

On August 2, 2006, he filed the instant motion for preliminary injunction (Doc. 5) in civil no. 06-6007. By order entered on that same day, the motion was referred to the undersigned for report and recommendation (Doc. 6). After the motion for preliminary injunction was filed, civil no. 06-6007 was consolidated with another case civil no. 06-6031.

## BACKGROUND

According to the allegations of the complaint filed in civil no. 06-6007, Scott was booked into the Garland County Detention Center (GCDC) on December 24, 2005. When he was being booked in, Scott alleges he told Sgt. R. Radley that he was in need of medical care because his

-1-

AO72A
(Rev. 8/82)

stomach was constantly draining feces and food down his leg as a result of a gun shot would he has in his side. Scott was told that Nurse T. Harmon was not at the facility at the time.

According to Scott, Radley indicated he was not going to allow Scott to go to the hospital. Scott alleges he was told his bandages were ordered and they would be distributed to him and he would be responsible for doing his own dressing changes. Scott indicates he continued to request medical attention daily.

Scott also contends his left hand is paralyzed. He alleges he has difficulty changing the dressing on his wound and Nurse Harmon refuses to help. Scott asserts he is not given clean pads frequently enough and has nothing to clean the feces up with.

Attached to the complaint is what appears to be a detention facility questionnaire dated October 17, 2005. On the questionnaire it indicates Scott was taking Hydrocodone, had been shot in the stomach, and needed his bandages changed daily.

## DISCUSSION

In the motion for preliminary injunction, Scott alleges he is "sick as a dog" and needs medical care right now. He asserts his body is breaking down and Nurse Harmon is refusing him proper medical treatment. Scott indicates he has food and feces flowing out of a hole in the center of his stomach and can get no medical help. Scott asks the court to order the GCDC and Nurse Harmon to get him some medical help.

Scott also alleges he has come down with a bad case of flu or a cold and Nurse Harmon will not even give him a medical check up. Scott asserts he is in pain, has blisters in his mouth, a fever, and is raw around the middle and sides from wearing an ace bandage to hold the food and feces from flowing out of the hole in his stomach.

AO72A
(Rev. 8/82)

Attached to his motion, is a grievance dated July 27, 2006. In the grievance Scott complains of being in constant pain. He also indicates he can no longer change the dressing himself because he also has to put pads on his sides because he is raw all around his middle.

In response to the grievance, Nurse Harmon asserts Scott is getting treatment. Nurse Harmon indicates Scott is getting dressing material, Tramadol for pain, three times a day, and Tylenol once a day.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. These factors are: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

While some courts appear to apply more stringent requirements when a mandatory preliminary injunction is sought rather than a prohibitory preliminary injunction, the Eighth Circuit has not done so. *See e.g., Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593

AO72A
(Rev. 8/82)

(8th Cir. 1984). In *Ferry-Morse* the United States Court of Appeals for the Eighth circuit stated that "[w]hile the granting of preliminary injunctions is not favored unless the right to such relief is clearly established, where the status quo is a condition not of rest, but of action, and the condition of rest will cause irreparable harm, a mandatory preliminary injunction is proper." *Id.* (internal citation and parenthetical omitted).

Scott has alleged he is being denied adequate medical care. In order to prevail on such a claim, Scott must establish "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). *Hartsfield v. Colburn*, 371 F.3d 454, 456-457 (8th Cir. 2004)(analyzing a pretrial detainee's claim of inadequate medical care under the deliberate indifference standard).

We conclude Scott has not shown a probability of success on the merits. Scott's complaint, motion, and the documents attached thereto indicate Scott is receiving dressing changes on a daily basis, is being allowed to shower, is being followed by the jail nurse, and is receiving pain medication. A mere disagreement with a course of medical treatment does not state a constitutional claim for deliberate indifference. *See e.g., Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). Additionally, the failure to treat cold or flu like symptoms does not violate the Eighth Amendment. *See e.g., Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980)(failure to treat a common cold does not violate the Eighth Amendment); *Schwartz v. Jones*, 2000 WL 1859012, *3 (E.D. La. Dec. 18, 2000)(flu-like symptoms and head cold were not serious medical conditions); *Franklin v. Sheahan*, 1998 WL 312120, *4 (N.D. Ill. June 5, 1998)("As medical conditions go, the common cold is insufficiently serious to implicate constitutional concerns about deprivation of essential medical care.").

AO72A
(Rev. 8/82)

Nor do we believe Scott has shown a threat of irreparable harm. According to the complaint, Scott was booked into the GCDC with "the hole" in his stomach on December 24, 2005. An attachment to the complaint indicates this condition existed in October of 2005. Given that this condition has existed for in excess of ten months, the court does not believe Scott has shown a threat or irreparable harm if he doesn't obtain an immediate mandatory injunction ordering the provision of medical care different from, or additional to, that he is currently being provided.

## CONCLUSION

I therefore recommend Scott's motion for a preliminary injunction or temporary restraining order be denied.

**Scott has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Scott is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of August 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)